**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

FRANK J. RADCLIFF,

                Plaintiff,

v.                                      CIVIL ACTION NO.  2:05-cv-00317

EL PASO CORPORATION, et al.,

                Defendants.


**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's motion to remand this case to the Circuit Court of Kanawha County, West Virginia [Docket 6].  For the following reasons, the motion is **DENIED**.

**I.  Background**

The plaintiff worked for the defendant Brooks Run Mining Company[1] (Brooks Run) until January 6, 2003, when he sustained a work-related injury.  As a result of that injury, the plaintiff applied for and received West Virginia workmen's compensation benefits.  At some point after sustaining the injury, the plaintiff applied for long-term disability (LTD) benefits and severance pay from the defendants.

The defendants denied the plaintiff's applications for LTD benefits and severance pay.  On

---

[1]     Brooks Run Mining Company was formally known as "Coastal Coal-West Virginia, LLC," and operated under that name during the plaintiff's period of employment. Brooks Run is a subsidiary or affiliate of the defendant El Paso Corporation.  The defendant Liberty Life Assurance Company of Boston is the long-term disability benefits carrier for the El Paso Corporation.

or about November 20, 2003, the El Paso Corporation officially terminated the plaintiff's employment. On March 16, 2005, the plaintiff filed a three-count complaint against the defendants.

In that complaint, the plaintiff alleges that the defendants are liable for breach of contract (Count I), detrimental reliance (Count II), and discrimination pursuant to the West Virginia Workers' Compensation Act, W. Va. Code § 23-5A-1 (Count III). The defendants removed the case to this court on the ground that the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a) *et seq*, completely preempts the plaintiff's claims. The plaintiff has moved to remand pursuant to 28 U.S.C. § 1445(c), which provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." The plaintiff argues that § 1445(c) bars removal of this action because Count III of his complaint "arises under" the workmen's compensation laws of West Virginia, and has accordingly moved to remand this case to the Circuit Court of Kanawha County. The parties have briefed the issues and the motion is ripe for decision.

## II. Analysis

### A. Removal

The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "One category of cases of which district courts have original jurisdiction are 'federal question' cases: cases 'arising under the Constitution, laws, or treaties of the United States.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S. Ct. 2488, 2494 (2004) (quoting 28 U.S.C. § 1331). The Supreme Court has "long held that 'the presence or

absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  In this case, the defendants argue that a federal question exists and federal jurisdiction is proper because ERISA completely preempts all of the plaintiff's claims.

**B.  Conflict Preemption Versus Complete Preemption**

In order to determine whether the plaintiff's claims are preempted, thereby giving rise to federal question jurisdiction, I must first distinguish between "conflict preemption" under ERISA and "complete preemption."   Under conflict preemption, which is also known as "ordinary" preemption, "state laws that conflict with federal laws are preempted, and preemption is asserted as 'a federal defense to the plaintiff's suit.  As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court.'" *Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 186-87 (4th Cir. 2002) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)).  In terms of ordinary preemption, state laws conflict with ERISA and are therefore preempted by ERISA if they "relate to" an ERISA plan.  29 U.S.C. § 1144(a).  In those types of situations, ERISA conflict preemption may be used as a defense to a state-law action, but it does not provide a basis for removal to federal court.

In contrast to ordinary preemption, complete preemption embodies an actual federal jurisdictional doctrine.  "Underlying the complete preemption doctrine is the notion that the federal policies implicated by a federal statute are sufficiently important to override the plaintiff's effort to rely on state law." *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996).  Complete preemption

exists where "Congress 'so completely preempts a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Darcangelo*, 292 F.3d at 187 (quoting *Taylor*, 481 U.S. at 63-64). Accordingly, this doctrine "trumps the plaintiff's characterization of his claim" for purposes of the well-pleaded complaint rule "by 'converting an ordinary state common law complaint into one stating a federal claim.'" *Custer*, 89 F.3d at 1165 (quoting *Taylor*, 481 U.S. at 65). Under ERISA, "[t]he only state law claims properly removable to federal court are those that are 'completely preempted' by ERISA's civil enforcement provision, § 502(a)." *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 371 (4th Cir. 2003) (quoting *Darcangelo*, 292 F.3d at 187). Accordingly, in order for this court to properly exercise jurisdiction over this case, ERISA must completely preempt the plaintiff's state-law claims.

## C. Complete Preemption Under ERISA

In this case, the defendants argue that each of the plaintiff's three claims are completely preempted by § 502(a) and are therefore properly removable to this court. The Supreme Court recently spoke to the issue of complete preemption under ERISA in *Aetna Health, Inc. v. Davila*, 124 S. Ct. 2488 (2004). *Davila* involved two consolidated Texas state court lawsuits that each contained similar facts. *Id.* at 2492. Specifically, the plaintiffs sued their health maintenance organizations (HMOs) for allegedly violating the Texas Health Care Liability Act (THCLA). *Id.* The plaintiffs suffered injuries resulting from the HMO's refusal to provide certain types of coverage. *Id.* at 2493. The plaintiffs alleged that this denial of coverage amounted to a violation of the THCLA because the HMOs had breached their "duty to exercise ordinary care when making health care treatment decisions" under that statute. *Id.* The defendants removed the cases to federal court on the premise that ERISA completely preempted the plaintiffs' claims. *Id.* The respective

4

District Courts agreed with the complete preemption argument and refused to remand the cases to state court.  *Id.*  The Fifth Circuit Court of Appeals, after consolidating the various cases, reached the opposite conclusion and reversed the findings of the District Courts on the complete preemption issue.  *Id.* at 2493-94.

Justice Thomas, writing for the Court, began by reviewing the "expansive preemption provisions" of ERISA.  *Id.* at 2495.  He noted that the "purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans" and that regulation of those plans was intended to be "exclusively a federal concern."  *Id.* (citations omitted).   In general, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted."  *Id.*

In specifically addressing the civil enforcement provision of ERISA, Justice Thomas  noted that "[t]he preemptive force of ERISA § 502(a) is still stronger," possessing "extraordinary preemptive power" that gives rise to a federal question for purposes of removal jurisdiction.  *Id.* at 2496 (citations omitted).  He then articulated the Supreme Court's most recent description of the test for determining whether a cause of action is completely preempted by ERISA: "[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by  ERISA § 502(a)(1)(B)."  *Id.*  Accordingly, when determining whether a cause of action is completely preempted by ERISA, a district court must inquire into the following two factors: (1) whether the plaintiff could have originally brought his cause of action under ERISA's civil enforcement provisions and (2) whether the cause of action

involves any independent legal duty on the part of the defendants.  *Id.*

Justice Thomas then examined the facts of the THCLA cases before him.  Significantly, he concluded that the plaintiffs "complain[ed] *only about denials of coverage* promised under the terms of ERISA-regulated employee benefit plans," and that they "could have paid for the treatment themselves and then sought reimbursement through a § 502(a)(1)(B) action."  *Id.* at 2497.  The plaintiffs, however, argued that the duty of ordinary care created by the THCLA represented an independent legal duty under Justice Thomas's articulation of the complete preemption test. "Because this duty of ordinary care arises independently of any duty imposed by ERISA or the plan terms," they argued, "any civil action to enforce this duty is not within the scope of the ERISA civil enforcement mechanism."  *Id.*

The Supreme Court disagreed.  Justice Thomas first noted that the language of the THCLA itself expressly denied creating any obligation or duty for an HMO "to provide to an insured or enrollee treatment which is not covered by the health care plan of the entity."  *Id.* at 2498. Accordingly, "interpretation of the terms of respondents' benefit plans forms an essential part of their THCLA claim, and THCLA liability would exist here only because of petitioners' administration of ERISA-regulated benefit plans."  *Id.*  The THCLA created no duty independent of the rights and duties created by the ERISA plans.  Because the plaintiffs' claims were in fact dependent on the terms of the respective ERISA plans, their claims were preempted by the civil enforcement provisions of ERISA.

**D.  ERISA Completely Preempts the Plaintiff's Claims in this Case**

I now turn to the plaintiff's claims in this case.  He alleges three causes of action in his complaint: 1) breach of contract; 2) detrimental reliance; and 3) discrimination/retaliation in

violation of the West Virginia workmen's compensation statutes.  Notably, each of the plaintiff's three state-law claims rely upon a single basis for liability:  the defendants' "refusal to pay LTD benefits and/or severance pay to the Plaintiff."  *Complaint* at Count I, ¶ 24; Count II, ¶ 32; and Count III, ¶ 36.  As a preliminary note, "[g]enerally, when a state law claim may fairly be viewed as an alternative means of recovering benefits allegedly due under ERISA, there will be preemption."  *Gresham v. Lumbermen's Mut. Cas. Co.*, 404 F.3d 253, 258 (4th Cir. 2005).

The parties do not dispute that the LTD Plan and Severance Plan are governed by ERISA or that the plaintiff participated in those plans as an employee of Brooks Run.  I must therefore evaluate the substance of the plaintiff's complaint under the framework provided by the Supreme Court in *Davila* to determine whether ERISA completely preempts the plaintiff's claims.  The first inquiry is whether, "at some point in time," the plaintiff "could have brought his claim[s] under ERISA § 502(a)(1)(B)."  *Davila*, 124 S. Ct. at 2496.  ERISA § 502(a)(1)(B) states, in pertinent part, that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  Like the plaintiffs in *Davila*, the plaintiff in this case "complain[s] only about denials of coverage promised under the terms of ERISA-regulated employee benefit plans."  *Davila* at 2497.  Each of the three counts in his complaint points to a sole injury: the defendants' "refusal to pay the plaintiff LTD benefits and/or severance pay."  Clearly, the plaintiff could have originally attempted to remedy this injury by bringing a § 502 action "to recover benefits" or "to enforce his rights."  *Davila* at 2497.  Accordingly, I **FIND** that the first *Davila* factor is present in this case.

The second and final *Davila* factor requires me to determine whether any "independent legal

duty" is implicated by the defendants' actions. *Id*. at 2496. If so, then the independent legal duty removes the cause of action from ERISA's preemptive scope. The key inquiry here is the basis for the alleged liability. If the alleged liability is derived from or dependent upon the existence and administration of an ERISA-regulated benefit plan, then the state-law claims are not "entirely independent of the federally regulated contract itself," and are therefore preempted. *Id*. at 2498. Under Count I of the plaintiff's complaint, he asserts that his "employment with the Defendants created a contract between the parties" and that the "Defendants' refusal to pay LTD benefits and/or severance pay to the Plaintiff constitutes a breach of the parties' contract." In essence, the plaintiff's claim in Count I relies on his alleged contractual right to benefits under the LTD Plan and the Severance Pay Plan. Clearly, then, this claim depends on his alleged entitlement to benefits under an ERISA plan; in fact, his claim would not exist in the absence of the ERISA-regulated plan itself. Accordingly, Count I is derived entirely from the ERISA-regulated plans at issue in this case, and is completely preempted.

Similarly, under Count II of the complaint, the plaintiff alleges that: (1) the "defendants made certain representations as to the plaintiff's eligibility for LTD benefits and/or severance pay;" (2) that he "satisfied the defendants' criteria for receiving LTD benefits and/or severance pay;" (3) that the defendants' refusal to pay LTD benefits and/or severance pay to the plaintiff defeats his reasonable reliance regarding his eligibility for and entitlement to the same." In substance, this claim asserts that he was entitled to benefits based on the defendants' representations and the defendants wrongfully refused to pay him those benefits. The plaintiff makes no argument, however, that he has any legal rights to LTD benefits or severance pay benefits outside of the rights created by the defendants' ERISA plans. Like Count I, therefore, this cause of action gives rise to

8

no "independent legal duty" outside of the scope of the ERISA-regulated plans themselves, and is therefore preempted.

Under Count III, the plaintiff asserts that the "defendants' refusal to pay the plaintiff LTD benefits and/or severance pay was undertaken in retaliation for the plaintiff's assertion of his right to file a claim for benefits pursuant to the West Virginia Worker's Compensation Act." This claim is based upon West Virginia Code § 23-5A-1, which provides that "[n]o employer shall discriminate in any manner against any of his present or former employees because of such present or former employee's receipt of or attempt to receive benefits under this chapter." Here, the alleged discrimination is based entirely upon the defendants' refusal to pay benefits to the plaintiff. The plaintiff does not allege, for example, that the defendants discharged him from his employment in retaliation for his application for West Virginia workmen's compensation benefits. The basis for the alleged liability, therefore, depends entirely upon the existence and administration of the defendants ERISA-governed LTD Plan and Severance Pay Plan. The only stated injury is the defendants' alleged refusal to pay benefits to the plaintiff under those plans. The defendants could not have retaliated against the plaintiff by denying him benefits if he never had a legal claim of entitlement to those benefits in the first place. Accordingly, Count III is similar to the THCLA claims alleged by the plaintiffs in *Davila*. The defendants' "potential liability" is "derive[d] entirely from the particular rights and obligations established by the benefit plans." *Davila*, 124 S. Ct. at 2498. In other words, the alleged basis for liability in each count of the plaintiff's complaint is wholly dependent on his alleged right to benefits under the terms of an ERISA-regulated plan.

As the Supreme Court noted in *Davila*, this situation is readily distinguishable from the independent legal duties that formed the basis of the cause of action in *Caterpillar Inc. v. Williams*,

for example.  In *Caterpillar*, several former employees sued their employer for breach of contract. 482 U.S. at 390.  The defendants removed the case to federal court on the grounds that their alleged liability stemmed from rights created by a collective bargaining agreement.  *Id*.  Accordingly, the defendants argued, the plaintiffs' claims were completely preempted by § 301 of the Labor Management Relations Act, 1947 (LMRA), which is one of the few federal statutes bearing preemptive power on the same level as the preemptive scope of ERISA.  *Id*.  The Supreme Court disagreed.  Finding that the plaintiffs had relied on "individual employment contracts" rather than "a right created by a collective-bargaining agreement," the Court determined that the plaintiffs had consciously "eschew[ed] claims based on federal law."  *Id*. at 398-99.  Accordingly, because the plaintiff's claims were in no way based on rights created by the federally-regulated contract, there was no basis for federal jurisdiction and the case could not be removed.  *Id*. at 399.

In *Gresham v. Lumbermen's Mutual Casualty Company*, 404 F.3d 253 (4th Cir. 2005), the Fourth Circuit considered a similar situation.  The plaintiff in that case was hired by an insurance company to develop a new liability program.  *Id*. at 256.  His offer letter stated that his compensation package would include "Severance Protection" in the form of "One year base salary" that "will be paid if terminated without cause."  *Id*.  The insurance company also had an ERISA-regulated "Severance Plan," but this plan was "neither referred to nor explicitly incorporated" into the plaintiff's offer letter.  *Id*.  The plaintiff was eventually terminated and he filed suit alleging, in part, a breach of contract.  *Id*. at 257.  The Fourth Circuit found that ERISA did not preempt the plaintiff's claims because the insurance company's "promise to pay [the plaintiff] severance operated independently of the Severance Plan."  *Id*. at 259.  In other words, the alleged liability was not premised on a right or duty created by the ERISA-governed Severance Plan but relied instead on an

independent agreement.   In contrast, the plaintiff in this case has made no indication that any agreement existed outside of the LTD Plan and Severance Pay Plan.  Instead, his claims arise solely from rights created by benefit plans administered in accordance with ERISA.

To summarize, I **FIND**  that the plaintiff could have originally brought his claims under the civil enforcement provisions of ERISA and I further **FIND** that there is no independent duty implicated in this case.  A review of each count of the complaint demonstrates that the plaintiff "bring[s] suit only to rectify a wrongful denial of benefits promised under ERISA-regulated plans, and do[es] not attempt to remedy any violation of a legal duty independent of ERISA." *Davila*, 124 S. Ct. at 2498.  ERISA therefore completely preempts the plaintiff's claims under the test established by the Supreme Court in *Davila*.  Accordingly, the complaint contains a federal question, and this court may properly exercise jurisdiction over this case.

**E.  Because ERISA Completely Preempts the Plaintiff's Claims, the Nonremovable Actions Statute, 28 U.S.C. § 1445(c), is Inapplicable to this Case**

The plaintiff's motion to remand attempts to avoid any discussion of ERISA preemption by erroneously relying solely on the plaintiff's own characterization of his causes of action.   His argument proceeds in two parts.  First, the plaintiff contends that his allegation of retaliation in violation of the West Virginia workmen's compensation statutes "arises under" those statutes and is therefore nonremovable pursuant to 28 U.S.C. § 1445(c), which states: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  Second, the plaintiff contends that the first two counts of his complaint are not "separate and independent" from the retaliation claim and are therefore not subject to removal under 28 U.S.C. § 1441(c), which states:  "Whenever a separate and independent claim

11

or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."   In essence, he contends that Count III is nonremovable, and because his whole complaint arises from a "single wrong," this case must be remanded in its entirety.  *Husk v. E.I. Du Pont De Nemours and Co.*, 842 F. Supp. 895, 898 n.5 (S.D. W. Va. 1994) ("Even where federal questions are raised in an action raising a retaliatory discharge claim based upon state workers' compensation laws, it has been held that the case may not be removed to federal court if all of the plaintiff's claims arise from a single wrong.") (Haden, C.J.).

While the plaintiff's correctly states that claims arising under state workmen's compensation laws are nonremovable, he fails to recognize that Count III of his complaint does not arise under the workmen's compensation laws of West Virginia merely because he casts it that way.  Instead, under the rubric of the ERISA complete preemption doctrine discussed above, I look beyond the form of the plaintiff's complaint to determine whether the substance is preempted by ERISA's civil enforcement provisions.  See *Davila*, 124 S. Ct. at 2498 ("[D]istinguishing between preempted and non-preempted claims based on the particular label affixed to them would 'elevate form over substance and allow parties to evade' the preemptive scope of ERISA." (citations omitted)); *Singh v. Prudential Health Care Plan, Inc.*, 335 F.3d 278, 291 (4th Cir. 2003) ("The jurisdictional aspect of ERISA's remedial scheme, which overpowers even the well-pleaded complaint rule, cannot itself be overpowered by clever or fortuitous maneuvers.").  As I have already found, ERISA completely preempts the plaintiff's state-law claims.

Because Count III of the plaintiff's complaint is preempted by ERISA, it arises under federal,

not state, law.  "Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, *from its inception*, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis added). As the Fourth Circuit has noted, "when complete preemption exists, there is 'no such thing' as the state action, since the federal claim is treated as if it appears on the face of the complaint." *Lontz*, 2005 WL at * 4.  "In such cases, in actuality, the plaintiff simply has brought a mislabeled federal claim, which may be asserted under some federal statute." *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 425 (4th Cir. 2003).

Put simply, the complete preemption doctrine transmutes what is facially a state-law claim into a federal cause of action.  Because ERISA completely preempts each count of the plaintiff's complaint, the plaintiff may only proceed through ERISA's civil enforcement channels in accordance with federal law.  Accordingly, the "federal claim is treated as if it appears on the face of the complaint," and this court has jurisdiction.  *Lontz*, 2005 WL at *4.  Thus, the plaintiff's argument that Count III arises under West Virginia workmen's compensation laws is foreclosed.

At least one United States Court of Appeals has reached the same conclusion.  In *Neumann v. AT & T Communications, Inc.*, 376 F.3d 773 (8th Cir. 2004), an employee brought a state court action against her employer alleging that the employer fired her in retaliation for filing a workmen's compensation claim.  The defendant removed the case to federal court on the ground that the plaintiff's claims were preempted by ERISA.  The plaintiff argued, in part, that "removal was prohibited by 28 U.S.C. § 1445(c)," because her retaliation claim arose under Minnesota workmen's compensation laws.  *Id*. at 781 n.2.  The Eighth Circuit, affirming its earlier decision in *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238 (8th Cir. 1995), found "as a matter of Congressional intent, that §

13

1445(c) would not apply to a claim which is completely preempted by federal law and only facially

arises under a state's workers' compensation laws." *Id*. The Eighth Circuit concluded that, because

ERISA preempted the plaintiff's workmen's compensation/retaliation claim, § 1445(c) did not

apply. *Id*. I reach the same conclusion in this case.

### III.  Conclusion

The plaintiff's motion to remand [Docket 6] is **DENIED**.  The court **DIRECTS** the Clerk

to send a copy of this written opinion and Order to counsel of record and any unrepresented party,

and **DIRECTS** the Clerk to post this published opinion at http://www.wvsd.uscourts.gov.

ENTER:          July 20, 2005

JOSEPH  R.  GOODWIN
UNITED STATES DISTRICT JUDGE

Jeffrey V. Mehalic
Law Offices of Jeffrey V. Mehalic
P.O. Box 11133
Charleston, WV 25339-1133

Stephen P. New
100 Main Street
P.O. Box 5516
Beckley, WV 25801

For Plaintiff Frank J. Radcliff

Jeffrey A. Foster
Roger A. Wolfe
Jackson Kelly
P.O. Box 553
Charleston, WV 25322-0553

For Defendants El Paso Corporation, et. al.